# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff Below, Respondent

v.  No. 13-1178 (Roane County 12-F-34)

Danny Shamblin, Jr.,
Defendant Below, Petitioner

**FILED**

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Danny Shamblin, Jr., by counsel Michael T. Clifford and Richelle K. Garlow, appeals the Circuit Court of Roane County's order entered on October 21, 2013, finding petitioner guilty of seventeen counts of felony possession of a firearm by a prohibited person. The respondent State of West Virginia, by counsel Laura Young, Deputy Attorney General, has filed a response to the present appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the current action, petitioner had been convicted of three felony offenses. In 2004, petitioner was convicted of two counts of "attempt to commit a felony" under W. Va. Code § 61-11-8 in Putnam County. In 2006, he was convicted of the same charge in Roane County. In all three cases, the felony attempted involved the gathering of materials with the intention to manufacture methamphetamine.

The current action arises from an incident occurring on petitioner's property between a man hired to repair junk cars and the petitioner's son's fiancé. On March 18, 2011, the petitioner's son's fiancé accused the man of sexually assaulting her fourteen years prior. The police later received an emergency call regarding a dispute. The man told the police that he was trapped inside his vehicle, which was surrounded by six individuals with automatic rifles. Upon the arrival of police, however, the man had safely left the petitioner's property.

Petitioner informed the police that all of the firearms belonged to his sons who had been shooting the firearms all morning. At his own initiative, petitioner also offered to take the police to a gun safe in the home where he claimed the firearms were stored. While petitioner did not know the combination, he attempted to use a grinder to open the safe. Before petitioner was able to completely open the safe, his son returned to the residence, entered the combination, and unlocked the safe.

1

According to the testimony of one police officer, there were no firearms in the safe when it was opened. Rather, the firearms – the police counted twenty – were later found in the attic crawl space of the home. The respective crawl space could only be accessed through a small opening in the ceiling and did not have an attached ladder. The police then removed all the firearms from the residence. At that time, however, none of the firearms were tested, no fingerprints were removed, and no photographs were taken at the scene.

On May 23, 2012, a Roane County Grand Jury returned an indictment against petitioner charging him with twenty counts of possession of a firearm by a prohibited person. Petitioner voluntarily stipulated to his prior felony criminal convictions that prohibited him from possessing a firearm. On May 28, 2013, a jury found petitioner guilty of seventeen counts of possession of a firearm by a prohibited person.

Petitioner subsequently made a motion for post-verdict judgment of acquittal and a motion for a new trial. The circuit court later denied the motions, and on October 21, 2013, entered judgment and sentenced the petitioner to serve seventeen five-year sentences, to be served concurrently.

The petitioner now appeals the circuit court's order and presents three assignments of error.

The petitioner's first argument is that the evidence at trial was insufficient to support a guilty verdict on seventeen counts of felon in possession of a firearm. The petitioner claims that the element of "possession," regarding ownership of the residence and the firearms found therein, was not proven beyond a reasonable doubt. Specifically, the petitioner asserts that no evidence was offered to prove he owned or lived in the house where the firearms were found. The petitioner further asserts that no evidence was provided to prove that he owned, fired, or handled the firearms.

The petitioner additionally claims that the State failed to prove that the items removed from the residence were qualified as "firearms" under West Virginia Code § 61-7-2(11) [2012]. The petitioner asserts that the items were never tested to see if they could expel a "projectile," as required by West Virginia Code § 61-7-2(11) to qualify as a "firearm."

This Court has held:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Furthermore,

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all

the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

*Id.* at Syl. Pt. 3. This Court finds substantial evidence was admitted at trial so that a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. Here, the petitioner stated that the house was his residence, even giving the police consent to search the home. Therefore, the jury had sufficient evidence to infer that the petitioner had "possession" or ownership of the residence. The petitioner also purchased the firearms, knew the location of the firearms, and was aware that one firearm was malfunctioning. Thus, the jury had sufficient evidence to infer that the petitioner had "possession" of the firearms.

Furthermore, the West Virginia Code § 61-7-2(11) [2012] states:

(11) "Firearm" means any weapon which will expel a projectile by action of an explosion.

This Court finds that a rational trier of fact could find, beyond a reasonable doubt, that the items were "firearms" within the meaning of West Virginia Code § 61-7-2(11). Each weapon was photographed in a lab, and was identified by serial number or patent number and by type of firearm or manufacturer. Even more, the petitioner's son testified that all of the firearms were in working condition.

Following the reasoning above, the record establishes that there was sufficient evidence at trial to support a guilty verdict on seventeen counts of felon in possession of a firearm.

The petitioner's second argument is that the court erroneously charged him with felony, rather than a misdemeanor offense.

This issue hinges on statutory interpretation. West Virginia Code § 61-7-7(b)(2) [2008] provides that any person who has been convicted of "a felony controlled substance offense involving… a Schedule II… controlled substance as… [defined in] two hundred five [§ 60A-2-205]… and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony and, upon conviction thereof, shall be confined in a state correctional facility for not more than five years or fined not more than $5,000, or both."

The petitioner argues that he was never found guilty of, nor did he plead guilty to, a drug offense under West Virginia Code § 60A-2-205. The petitioner asserts that he was convicted of "*attempt* to commit a felony" under West Virginia Code § 61-11-8 [2002] in 2004 and 2006, which was punishable by one to three years in the penitentiary. The petitioner concedes that the felony attempted in each case involved the gathering of materials with the intention to manufacture a Schedule II controlled substance, methamphetamine. However, despite the nature

3

of the crime, the petitioner claims that the actual conviction was not the type contemplated by West Virginia Code § 61-7-7(b)(2) regarding offenses involving controlled substances. Instead, the petitioner argues that he should have been convicted under West Virginia Code § 61-7-7(a) [2008]. West Virginia Code § 61-7-7(a) states that an individual who has been "convicted in any court of a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing firearms. Violating subsection (a) is a misdemeanor punishable by a maximum of one year imprisonment.

This Court finds that the petitioner pled guilty to a qualifying controlled substance offense within the meaning of W.Va. Codes 61-7-7(b)(2), and was, therefore, given the proper sentence. Here, the petitioner pled guilty to attempting to operate a clandestine drug laboratory for the purpose of manufacturing methamphetamine, wherein methamphetamine is a Schedule II controlled substance. Therefore, the petitioner pled guilty to a felony offense involving a Schedule II controlled substance. Moreover, the circuit court judge specifically found that the petitioner's attempt was a lesser included offense of a controlled substance felony.

The petitioner's third argument is that he received ineffective assistance of counsel. The petitioner points out that counsel failed to impeach the testimony of a witness, failed to make a motion of acquittal on a specific ground, and failed to call requested witnesses. The petitioner further argues that counsel prohibited him from testifying in his own defense and failed to challenge the issue of whether the underlying felony charges supported a felony indictment.

This Court has stated:

"It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 13, *State v. Jessie*, 225 W.Va. 21, 689 S.E.2d 21 (2009).

In this case, the record is not sufficiently developed for an intelligent review of counsel's performance. Based upon the record before this Court, counsel's motives are indiscernible and should be further developed in a habeas corpus proceeding. Therefore, the claim of ineffective assistance of counsel is premature. For these reasons, this Court can find no error with the circuit court's findings.

For the foregoing reasons we affirm.

Affirmed.

4

**ISSUED:**  June 27, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis
Justice Menis E. Ketchum